

United States District Court
Southern District of Texas
FILED

DEC 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS ALBERTO REYES, | § | |
| Petitioner, | § | |
| | § | CAB-01-175 |
| V. | § | CIVIL ACTION B-01-026 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janie Cockrell, Director ("the Director"), Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), Respondent, by and through her attorney, the Attorney General of Texas, and files this her Motion for Summary Judgment with Brief in Support.

**I.**

**JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies every allegation of fact made by Petitioner, Carlos Alberto Reyes ("Reyes"), except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Reyes pursuant to a judgment and sentence of the 357th Judicial District Court of Cameron County, Texas in cause number 99-CR-1206-E, styled *The State of Texas v. Carlos Alberto Reyes*. Exhibit A with attached explanations. Having been previously indicted for the felony offense of possession of marijuana, Reyes pleaded not guilty the jury. Exhibit A. On August 30, 2000, Reyes was sentenced to eight years in prison. Exhibit A.

Reyes appealed the judgment of the trial court, and on August 16, 2001, the Thirteenth Court of Appeals affirmed the judgment of the trial court. *Reyes v. State*, No. 14-13-00-00572-CR (Tex. App.–Corpus Christi 2001, no pet.); Exhibit B, at 2 (case information from Texas Judiciary Online-Thirteenth Court of Appeals Case Managewysiwig://9/http://www.13thcoa.cou...s/opinions/case.asp?FilingID=11548). Reyes did not file a petition for discretionary review ("PDR"). Exhibit C (deputy clerk's affidavit). Finally, Reyes has not filed an application for state writ of habeas corpus challenging this conviction. Exhibit D (deputy clerk's affidavit).

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Reyes to allege the following grounds of error:

1. illegal search and seizure;

2. unlawful arrest;

3. the 5th Amendment's prohibition against self-incrimination was violated;

4. he was denied effective assistance of counsel because defense counsel (a) did not file a motion for new trial, (b) did not file a motion to suppress, and (c) did not object to the admission of illegally obtained evidence; and

5. he was denied effective assistance of counsel because he was never advised of his right to file a PDR.

Fed. Writ Pet., at 7-8.

## V.

## MOTION FOR SUMMARY JUDGMENT

### A. Standard Of Review.

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence demonstrating the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record shows the Director is entitled to judgment as a matter of law.

Reyes filed the instant petition on August 28, 2001. Fed. Writ Pet., at 9.[1] Consequently, this petition is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2061, 2068 (1997) (AEDPA does not apply to petitions filed before AEDPA took effect; "the new provisions of [ AEDPA] generally apply only to cases filed after the Act became effective").

AEDPA provides:

    (b)(1)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

---

[1] Under *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998), "a *pro se* petitioner's habeas petition is filed, for purposes of determining the applicability of AEDPA, when he delivers the papers to the prison authorities for mailing." Therefore, this petition could not have been "filed" sooner than August 28, 2001.

3

  (A)  the applicant has exhausted the remedies available in the courts of the State; or

  (B)(i)  there is an absence of available State corrective process; or

    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

 (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

 (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254 (b), (c) (2001).

### B. Reyes has failed to exhaust his available state court remedies.

Reyes has not sufficiently exhausted his state court remedies as required by 28 U.S.C. § 2254(b), (c) because he did not file a PDR, and he has not filed an application for state writ of habeas corpus. Exhibit C; Exhibit D.

The exhaustion doctrine, codified at 28 U.S.C. § 2254(b), (c), is based on principles of comity between the state and federal judicial systems and "reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982)). Furthermore, the Supreme Court and the Fifth Circuit Court of Appeals have consistently adhered to this doctrine. *See, e.g., Rose*, 455 U.S. at 509, 102 S. Ct. at 1198; *Picard*, 404 U.S. at 275, 92 S. Ct. at 512; *Bufalino v. Reno*, 613 F.2d 568, 569 (5th Cir. 1980); *Canet v. Turner*, 606 F.2d 89, 91 (5th Cir. 1979).

Under 28 U.S.C. § 2254(b), (c), a state prisoner's application for federal writ of habeas corpus shall not be granted unless the applicant has exhausted his state court

4

remedies. The exhaustion doctrine requires the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille*, 489 U.S. at 349, 109 S. Ct. at 1059; *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982). In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Ridgway v. Baker*, 720 F.2d 1409, 1412-13 (5th Cir. 1983); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S. Ct. 1508 (1983). Moreover, the state court system must have been appraised of the same facts and legal theories upon which the petitioner bases his assertions. *Picard*, 404 U.S. at 271-72, 92 S. Ct. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal for failure to exhaust. *Rose*, 455 U.S. at 510, 102 S. Ct. at 1199; *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997); *Jones v. Estelle*, 722 F.2d 159, 168 (5th Cir. 1983) ("*Lundy* made plain that assertion of the unexhausted claims necessitates dismissal of the mixed petition.").

Additionally, it is not sufficient that a petitioner's claims merely have been brought before the state's highest court in some fashion. For the exhaustion to be satisfied, the petitioner must have presented his claims in a procedurally correct manner. *Castille*, 489 U.S. at 351, 109 S. Ct. at 1060. When a petitioner raises a claim in a procedural context in which its merits will not be considered, he has not "fairly presented" the claim to the state courts, and, therefore, has not satisfied the statutory exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

As stated above, Reyes must exhaust all of his habeas corpus claims in state court before he can request relief in federal court. However, as already shown, Reyes has failed to file a PDR. Exhibit C. Moreover, he has not filed an application for state writ of habeas corpus. Exhibit D. Therefore, by filing this federal writ of habeas corpus, Reyes has bypassed the state courts and attempted to present original claims to the federal courts

5

before the state court has had the opportunity to rule on the merits of his claims. Reyes has prevented the state courts from ruling on, and if necessary correcting, any constitutional errors that might have occurred in this case. *See Castille*, 489 U.S. at 349, 109 S. Ct. at 1059

Finally, Reyes' failure to present his claims to the state court does not result from either an "absence of State corrective procedures" or state procedures that are "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). State habeas corpus proceedings have been, and will remain, available to Reyes and provide him the opportunity to litigate his contention that he is in custody as a result of constitutional violations. Consequently, the instant petition must be dismissed to give Texas Court of Criminal Appeals an opportunity to rule on Reyes' claims.

## VII.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests Reyes' petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Lead Counsel

_/s/ Fredericka Sargent_
*FREDERICKA SARGENT
Assistant Attorney General
State Bar No. 24027829
So. District Bar No. 27909

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Carlos Alberto Reyes, petitioner, you are hereby notified the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

_/s/ Fredericka Sargent_
FREDERICKA SARGENT
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Fredericka Sargent, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion for Summary Judgment with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 5th day of December, 2001, addressed to: Carlos Alberto Reyes, TDCJ-ID# 1028233, Dawson State Jail, P.O. Box 650675, Dallas, Texas 75265.

*Fredericka Sargent*
FREDERICKA SARGENT
Assistant Attorney General

# EXHIBIT A

Case 1:01-cv-00175   Document 4   Filed in TXSD on 12/07/2001   Page 9 of 19

```
CSIMF800/INI801                COMMITMENT INQUIRY              11/06/01 14:19:30
INMTCICS/LHA9541 /JC04   TDCJ-ID NO: 01028233 SIDNO: 04603648
 NAME: REYES,CARLOS ALBERTO         APPL:       STATUS: A RA JD S3   #OFF: 02
 OLD TDC#:             CNTY CONV: 031                                      73RD
 OFF-REC:    3562 PRJ RL: 11-18-2003 REC:    03-15-2001 MAX-TERM:    8Y  0M  0D
 PEN-REC: 481.121 MAX-EX: 07-07-2008 BEGIN: 07-07-2000 PAR-ELIG: 06-10-2001
                                                    INMATE TYPE: TF
     OFFCD: 35620011 POSS MARIHUANA           3D                          73RD
     PENAL:481.121  MS:Y PLEA:G CAUSE:99-03-06256 CR     CNT:     OFF:10-31-1998
     CC  CNTY OFF:024  CNTY/CRT:024 079 MAX TERM:   3Y  0M  0D BEG:12-13-2000
     MIN EXP:04-04-2002 MAX:12-13-2003 PAR ELIG:04-19-2001 SENTENCED:12-13-2000
     OFF TDCNO: 01028233                                CTO DATE 01-01-0001
     OFFCD: 35620012 POSS MARIHUANA           3D                          73RD
     PENAL:481.121  MS:Y PLEA:N CAUSE:99-CR-1206-E      CNT:     OFF:06-18-1999
     CC  CNTY OFF:031  CNTY/CRT:031 357 MAX TERM:   8Y  0M  0D BEG:07-07-2000
     MIN EXP:11-18-2003 MAX:07-07-2008 PAR ELIG:06-10-2001 SENTENCED:08-30-2000
     OFF TDCNO: 01028233                                CTO DATE 01-01-0001



 PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____  OR SID _____
 END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

# **TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION COMMITMENT INQUIRY INFORMATION**

The Director does not have a copy of the judgment and sentence documenting Reyes' conviction in cause number 99-CR-1206-E. However, the Director includes the TDCJ-ID computer generated commitment inquiry with the following explanations:

a) "OFFCD:" - is followed by the National Crime Information Center offense code followed by the specific offense for this holding conviction, as follows:

"35620012 POSS MARIHUANA" - Possession of marihuana.

b) "MS: Y" - indicates Reyes is eligible for mandatory supervision release on this conviction in cause number 99-CR-1206-E.

c) The term "PLEA: N" - reflects Reyes pled not guilty to this offense.

d) "CAUSE: 99-CR-1206-E" - reflects the criminal district court cause number for this case.

e) "CNTY OFF: 031" - 31 indicates the offense for this conviction occurred in Cameron County, Texas, with 31 being the TDCJ-ID numeric designator for Cameron County.

f) "CNTY/CRT: 031 / 357" - identifies the county where the conviction occurred and the convicting judicial district court for this case as Cameron County, Texas, in the 357th Judicial District Court in cause number 99-CR-1206-E.

g) "MAX TERM: 8Y 0M 0D" - reflects the sentence assessed in cause number 99-CR-1206-E as eight years.

h) "SENTENCED: 08-30-2000" - reflects the date the sentence was assessed August 30, 2000, in cause number 99-CR-1206-E.

# EXHIBIT B



## Case Information:

| | |
|---|---|
| Case Number: | 13-00-00572-CR |
| Date Filed: | 9/19/2000 |
| Style: | CARLOS ALBERTO REYES |
| v.: | THE STATE OF TEXAS |
| Original Proceeding: | No |
| Transferred From: | |
| Transfer In Date: | |
| Transfer Case No: | |
| Transferred To: | |
| Transfer Out Date: | |

## Trial Court Information:

| | |
|---|---|
| Trial Court: | 357th District Court |
| Trial Court Judge: | Hon. MIGDALIA Lopez |
| Trial Court Case #: | 99-CR-1206-E |
| Trial Court Reporter: | Cynthia Garza |
| Punishment: | 8 yrs TDCJ |

## Parties:

| Party | Party Type |
|---|---|
| Reyes, Carlos Alberto | Appellant |
| The State of Texas | Criminal - State of Texas |

## Case Events:

| Date | Event Type |
|---|---|
| 9/19/2000 | Notice of Appeal Filed |
| 10/4/2000 | No Description Available. |
| 10/20/2000 | Notice of Appeal Filed |
| 10/27/2000 | Clerk's Record Filed |
| 10/31/2000 | request for documents |
| 11/7/2000 | ADVISORY - tickler as to event to come |
| 12/4/2000 | Reporter's Record Filed |
| 12/4/2000 | Court Reporter Pages |
| 12/4/2000 | Exhibits Filed |
| 12/28/2000 | Mot. for Ext. to File Brief |
| 1/11/2001 | Mot. for Ext. File Brief Disp. |
| 2/5/2001 | Oral argument requested |
| 2/5/2001 | At Issue |
| 2/5/2001 | Brief Filed |
| 3/19/2001 | Oral argument requested |
| 3/19/2001 | Motion for leave to file brief |
| 3/19/2001 | Brief Filed |
| 3/29/2001 | Motion for leave to file brief DISPOSED |
| 4/5/2001 | Submission |
| 4/11/2001 | Letter filed |
| 4/12/2001 | Additional Copy of Letter |
| 5/17/2001 | Submitted |
| 8/16/2001 | Opinion Issued |
| 11/13/2001 | Motion to Withdraw _____ Filed |
| 11/19/2001 | Mandate Issued |
| 11/26/2001 | Mandate Recd Ct Crim App / Dt. Clk |

Hint: Click on the folder icons above for more case information.

© 2001 State of Texas
Office of Court Administration
Privacy Policy

Home Page | Overview | Contact Information | Profile of Justices | Employment | Docketing Statements
Case Search | Opinion Search | Calendar Explorer | Docket Activity | Historical Opinions
Edit User Info | Case Tracking | Opinion Tracking | Procedures & Rules | Appellate Procedure
Civil Procedure | Evidence | Judicial Administration | Parental Notification | Rules | Filing Fees
Search Texas Judiciary

2 of 2                                                                                                    12/03/2001 9:32 AM

# EXHIBIT C

# CLERK'S OFFICE

# COURT OF CRIMINAL APPEALS

# AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found no petition for discretionary review filed in the name of **Carlos Alberto Reyes.** WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 3rd day of December 2001, A.D.

                                                              Troy C. Bennett, Jr., Clerk

By: _Veronica Cuellar_
                                                              Deputy Clerk

# EXHIBIT D

# CLERK'S OFFICE

# COURT OF CRIMINAL APPEALS

# AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found there is no application for writ of habeas corpus filed under cause no. **99-CR-1206-E**, in the name of **Carlos Alberto Reyes.**

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 20th day of November, 2001, A.D.



Troy C. Bennett, Jr., Clerk

By: /s/ Veronica Arellano

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *CARLOS ALBERTO REYES*, | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION B-01-026 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

# ORDER

On this day came to be considered Respondent's Motion for Summary Judgment and the Court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED and DECREED that Respondent's Motion for Summary Judgment is hereby GRANTED. Accordingly, the instant petition is dismissed without prejudice.

SIGNED on this the _____ day of _____, 2001.

_____
JUDGE PRESIDING