

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff-Respondent, | § | |
| | § | |
| v. | § | CR. NO. B-01-175-5 |
| | § | (CA. NO. B-03-085) |
| RAFAEL HERNANDEZ, | § | |
|    Defendant-Movant. | § | |

### UNITED STATES' ANSWER TO MOTION TO VACATE UNDER 28 U.S.C. §2255 AND BRIEF

The United States of America, by the United States Attorney for the Southern District of Texas, files this Answer to Motion to Vacate under 28 U.S.C. § 2255 and Brief.

### JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2255.

### DENIAL

The United States denies each and every allegation of fact made by Petitioner, Rafael Hernandez ("Hernandez"), except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

## ALLEGATION

Hernandez makes the following allegation in support of his motion to vacate sentence:

> He was denied his right to effective assistance of counsel at sentencing because his attorney failed to object to application of the career offender guideline on the ground that it over-represented his criminal history.

## ANSWER AND BRIEF

### Statement of the Case

Hernandez was charged, along with Ricardo Berre-Mantillo, Jose Juan Lopez-Sosa, Alvaro Garcia-Gonzalez, Delia r. Ayala and Rafael Hernandez, by indictment on April 10, 2001, in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal No. B-01-175, with conspiracy to possess with intent to distribute in excess of 100 kilograms of marihuana (count 1) and with possessing approximately 182.16 kilograms of marihuana with intent to distribute (count 2), in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 846 (Doc.[1] 1). Hernandez entered a plea of guilty to the charge contained in count two of the indictment pursuant to an agreement with the United States to recommend full credit for acceptance of responsibility, that he be sentenced

---

[1] "Doc." refers to the document or transcript filed in this court in the criminal case and is immediately followed by this court's docket entry number.

at the low end of the applicable guideline range and that count one be dismissed at the time of sentencing (Doc. 77; Doc. 130[2], p.15). After departing downward from the guidelines on motion of the United States, this court sentenced Hernandez to 125 months confinement and to a five-year term of supervised release (Doc. 131, p.4; Doc.124). It also ordered him to pay a $100 special assessment and ordered Hernandez to complete 250 hours of community service within the first two years of supervised release (Doc. 131, p.5; Doc. 124). The remaining count was dismissed on motion of the government (Doc.131, p.5). Judgment was entered on October 10, 2001 (Doc.124). Hernandez did not appeal his conviction (Doc. 122). Hernandez filed his motion to vacate more than one year after the time for filing notice of appeal had expired, that is, on May 2, 2003 (Doc. 129).

## Motion to Dismiss

"Title 28 U.S.C. § 2255 provides that a one year period of limitations is applicable to § 2255 motions." *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). "That one year limitation typically begins to run 'on the date on which the judgment of conviction becomes final.'" *Id.* (citing 28 U.S.C. § 2255(1), footnote

---

[2] In its order directing the United States to respond to Hernandez's motion to vacate, this court directed the United States to include with its answer any transcripts of the guilty and sentencing (Doc.128). Transcripts of the rearraignment and sentencing were ordered by the United States and filed with this court on September 30, 2003 (Doc.130,131). Since the transcripts are now on file with this court, the United States asks this court to treat such filing as compliance with its order.

omitted). Since Hernandez did not pursue an appeal, his conviction became final within the time for filing appeal or within 10 days of entry of the judgment. *See United States v. Schwartz*, 274 F.3d 1220, 1222 and n.1 (9th Cir. 2001)(citing Rule 4 of the Fed.R.App.P.). The United States therefore moves to dismiss Hernandez's motion as untimely filed.

### Alleged Ineffective Assistance of Counsel

Assuming arguendo, that Hernandez's motion to vacate is not subject to dismissal as untimely, he has failed to allege facts which, if true, would entitle him to relief under 28 U.S.C. § 2255. Hernandez contends that he was denied his right to effective assistance of counsel because his attorney failed to object to application of the career offender guideline (USSG § 4B1.1) on the ground that it over-represented his criminal history category. To establish ineffective assistance of counsel a defendant "is required to establish both (1) constitutionally deficient performance by his counsel and (2) actual prejudice as a result of counsel's ineffectiveness." *Moody v. Johnson*, 139 F.3d 477, 482 (5th Cir. 1998)(citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984)). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

As the Supreme Court has explained, "[a] fair assessment of attorney

>performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time." Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy."

*Knox v. Johnson*, 224 F.3d 470, 478 (2000) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2065).

The second prong of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838 (1993). "Even a deficient performance does not result in prejudice unless that conduct so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." *Knox v. Johnson*, 224 F.3d at 478 (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052). "[I]n cases involving mere attorney error, ... [courts] require the defendant to demonstrate that the errors 'actually had an adverse effect on the defense.'" *Barrientes v. Johnson*, 221 F.3d 741, 754 (5th Cir. 2000) (citing *Roe v. Flores-Ortega*, ___ U.S. ___, 120 S.Ct. 1029, 1037 (2000) (internal quotations omitted). "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064

(1984)).

Hernandez contends his attorney's performance was deficient because he failed to object to application of USSG § 4B1.1 on the ground that it over-represented his criminal history category. Section 4B1.1, the career offender guideline, provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.1 provides for minimum offense levels, depending on the statutory maximum punishment authorized; and, a mandatory criminal history category of VI. Note 4 of the Commentary following § 4B1.1 provides: "The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1."

According to the presentence report, Hernandez was convicted of burglary of a habitation in June of 1990 and was sentenced to nine years confinement, suspended for nine years (PSR ¶ 38). In October 1993, he was again convicted of burglary of a habitation, and was sentenced to 15 years confinement (PSR 40). Because burglary of a habitation is considered a crime of violence, Hernandez had the two requisite prior crimes of violence for career offender status. *See United States v. Hornsby*, 88

F.3d 336, 339 (5th Cir. 1996); USSG § 4B1.2(a)(2)).

In *United States v. Harrison*, 918 F.2d 30, 31-32 (5th Cir. 1990), the Court of Appeals for the Fifth Circuit, at least implicitly, recognized that a district court has the authority to depart downward from the guidelines on the ground application of the career offender guideline overstates a defendant's criminal history category. Other circuits have more directly recognized the authority to depart, relying largely on USSG § 4A1.3. *See United States v. Perez*, 160 F.3d 87 (1st Cir. 1998); *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001); *United States v. Brown*, 23 F.3d 839 (4th Cir. 1994); *United States v. Caldwell*, 219 F.3d 1186 (10th Cir. 2000).

"'Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." *United States v. Winters*, 105 F.3d 200, 205 (5th Cir. 1997) (citation omitted). The district court must make the following inquiry:

> "(1) What features of this case potentially take the case outside of the Guidelines' `heartland' and make it a special or unusual case?
> (2) Has the Commission forbidden departures based on those features?
> (3) If not, has the Commission encouraged departures on those features?
> (4) If not, has the Commission discouraged departures based on those features?"

*Id.*

> "If a factor is unmentioned in the Guidelines, the court must, after considering the `structure and theory of both relevant individual

>guidelines and the Guidelines taken as a whole,' decide whether it is sufficient to take it out of the heartland of cases. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guideline will be 'highly infrequent.'"

*Id.* "'[W]hether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point.'" *Id.*

Here, Hernandez has failed to identify any factors that would warrant a finding that his case was outside the heartland of the cases in which § 4B1.1 applies. Both of his burglary convictions involved the unlawful entry into private residences. Only three years and three months passed between the first and the second burglary offense; and, Hernandez committed the instant offense while on parole for the second burglary (PSR ¶ 42). Because Hernandez has failed to establish that a departure was permissible on these facts, he cannot demonstrate either that counsel's performance was deficient or that his sentencing hearing was rendered fundamentally unfair by the complained of omission.

## Conclusion

Based on the foregoing, the motion to vacate sentence pursuant to 28 U.S.C. §2255 should be denied.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

*(signed) for Kathlyn Snyder*
KATHLYN G. SNYDER
Assistant United States Attorney
910 Travis Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129
Texas Bar No. 07839300
Federal ID No. 14456

## CERTIFICATE OF SERVICE

I, Kathlyn G. Snyder, Assistant United States Attorney, do hereby certify that a copy of the above Answer to Motion to Vacate under 28 U.S.C. §2255 and Brief has been mailed on October 31, 2003 to:

Rafael Hernandez
FCI Three Rivers
P.O. Box 4200
Three Rivers, Texas 78071-4200

KATHLYN G. SNYDER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | CR. NO. B-01-175-5 |
| | § | (CA. NO. B-03-085) |
| RAFAEL HERNANDEZ, | § | |
|     Defendant-Movant. | § | |

ORDER

Pending before this court is Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. §2255. After having considered same, along with the response of the United States, this court is of the view that relief should be dismissed/denied for the reasons stated in the United States' answer.

Signed this ____ day of _____, 2003.

_____
UNITED STATES MAGISTRATE JUDGE