IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARLOS ALBERTO REYES, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION B-01-175 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

**ADVISORY TO THE COURT, APOLOGY TO THE COURT, AND
REQUEST TO CANCEL THE SHOW CAUSE HEARING SET FOR JUNE 4, 2002**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janie Cockrell, Director ("the Director"), Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), Respondent, by and through her attorney, the Attorney General of Texas, and files this her Advisory to the Court, Apology to the Court, and Request to Cancel the Show Cause Hearing Set for June 4, 2002.

**I.**

This is a habeas corpus case brought by a Texas state prisoner, Carlos Alberto Reyes ("Reyes"), under 28 U.S.C. § 2254. After the court issued a show cause order, the Director filed an motion for summary judgment arguing the claims as alleged were unexhausted because Reyes had filed neither a petition for discretionary review ("PDR") nor an application for state writ of habeas corpus. On January 8, 2002, this court entered an order, staying these proceedings for ninety days to allow Reyes to pursue his state court remedies. By that same order, the Director was ordered to advise the court as to the status of Reyes' PDR or application for state writ of habeas corpus on or before April 1, 2002. On May 21, 2002, this court then ordered the undersigned to appear at a show cause hearing scheduled for June 4, 2002, for failure to obey the court's order of January 8, 2002.

## II.

The undersigned formally apologizes to this honorable court for missing a court-ordered deadline. Such was wholly unintentional. The only possible explanation is that at the time the order to advise was entered, January 8, 2002, the undersigned had three appellate briefs due in the Fifth Circuit: *Pena v. Johnson*, No. 00-41158 (filed 01/11), *Holloway v. Cockrell*, No. 01-20785 (filed 01/15) and *Egerton v. Cockrell*, No. 00-10421 (filed 01/31). The undersigned would further advise the court that since coming to work at the Office of the Attorney General, Habeas Corpus Division, on March 1, 2001, she has never missed a pleading deadline, been threatened with sanctions or actually sanctioned. Again, the undersigned apologizes to the court and assures the court that it was an isolated oversight, rather than an intentional failure to obey a court order. It will not happen again.

Attached is my supervisor's explanation, division policy and intended action plan concerning my omission. My supervisor is very concerned with this lapse and promises appropriate action.

Finally, as soon as this show cause order was received, the undersigned contacted the Texas Court of Criminal Appeals to determine whether Reyes had either a PDR or an application for state writ of habeas corpus pending before the court since the Director filed her Motion for Summary Judgment. As of May 21, 2002, the Court of Criminal Appeals' records reflect neither a PDR or an application for state writ of habeas corpus is pending before the court; the undersigned has attached two new affidavits from the clerk's office as evidence of that fact. Moreover, the undersigned spoke with Jessica in the Cameron County District Clerk's office and was advised that as of May 24, 2002, Reyes had not filed an application for state writ of habeas corpus. Therefore, Reyes' claims remain unexhausted.

## III.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the undersigned prays that this court find that the undersigned's failure to obey was wholly unintentional and cancel the order to appear.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Lead Counsel

_____
*FREDERICKA SARGENT
Assistant Attorney General
State Bar No. 24027829
So. District Bar No. 27909

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

3

## CERTIFICATE OF SERVICE

I, Fredericka Sargent, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Advisory to the Court, Apology to the Court, and Request to Cancel the Show Cause Hearing Set for June 4, 2002 has been served by placing same in the United States mail, postage prepaid, on this the 24th day of May, 2002, addressed to: Carlos Alberto Reyes, TDCJ-ID# 1028233, Dawson State Jail, P.O. Box 650675, Dallas, Texas 75265.

                                                                     */s/ Fredericka Sargent*
                                                                   FREDERICKA SARGENT
                                                                   Assistant Attorney General

AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

My name is S. Michael Bozarth. I am the Chief of the Habeas Corpus Division of the Office of the Attorney General for the State of Texas (OAG). My duties include supervising all aspects of the Habeas Corpus Division including personnel. I am more than eighteen years of age and have personal knowledge of the facts stated herein.

On April 5, 2001 the undersigned was appointed Chief of the Habeas Corpus Division. In addition the undersigned has been a member of this division since 1985 and was Assistant Chief of the Division from approximately 1995-1999. The undersigned or the Deputy Chief trains all new attorneys. The undersigned personally mentored all pleadings of Ms. Fredericka Sargent during the first few months of her employment with the Division.

On May 21, 2002, the Order requiring "Fredericka Sargent .... to appear before the Court, June 4, 2002 at 1:30 P.M. to show cause why she should not be sanctioned for failing to obey this Court's order of January 8, 2002 . . ." was brought to my attention. Upon learning of this omission I questioned the offending attorney, Fredericka Sargent, and she admitted to the omission; however, she stated that it was a completely unintentional omission. Ms. Sargent is one of my finest attorneys, was mentored by myself and currently handles a pending case load of approximately 178 federal writs. She has never missed a pleading due date in her history with the Division and has never been sanctioned for any reason by any court since becoming a licensed attorney in the State of Texas.

In January 2002, when this court's order was filed, that Ms. Sargent failed to comply with, this Division received 121 new federal writ petitions, filed 106 district court responses, 5 Fifth

Circuit briefs, attended 3 federal evidentiary hearings and attended 3 oral arguments in the Fifth Circuit Court of Appeals. Of those totals, Ms. Sargent filed 9 federal district court responses, and 3 Fifth Circuit briefs. While these circumstances do not justify Ms. Sargent's failure to abide by this court's order, it does underscore the overwhelming amount of work that division attorneys are expected to accomplish on a continuing basis. In fact, as of the date of this affidavit, this Division with only 15 line attorneys handles a pending case load of 2277 cases.

The undersigned implemented a division-wide wall calendar in November of 2001 due to division attorneys missing action-due-dates (this is a back-up tickler system kept up by division support staff). *See* Attachment I. This wall calendar for the month of January 2002 had approximately 200 action-due-dates listed thereon. For the month of March 2002, the month preceding the action due in this case on April 1, 2002, the wall calendar had approximately 257 action due dates. Again this is not stated to excuse the omission of Ms. Sargent, but to indicate the number of action-due-dates that this division attempts to meet on a monthly basis. As this court can see between January and April this division met somewhere around 800-1000 action-due-dates.

The undersigned has conducted an investigation to determine why the due-date of April 1st was not listed on the division wall calendar and has not been able to determine who in January of 2002, besides Ms. Sargent (each attorney is responsible for personally calendaring all action-due-dates on their personal tickler system, *see* Attachment I), did not follow division policy with regard to calendaring the action-due-date. In any event, division attorneys have been warned that failure to follow court orders will subject them to discipline and Ms. Sargent is no exception. *See* Attachment I. This omission will be reflected in Ms. Sargent's evaluation which will adversely affect future merit raises and promotions. Due to the fact that Ms. Sargent is a good attorney with a unblemished record the undersigned begs the court's patience and forgiveness. The undersigned

2

requests that this court allow the undersigned to handle any discipline with regard to Ms. Sargent and assures the court that this is an isolated omission that Ms. Sargent will not allow to happen again.

I have read the above and declare under penalty of perjury that it is true and correct.

S. MICHAEL BOZARTH

SWORN AND SUBSCRIBED before me, Brenda Roberson, on this the 24th day of May, 2002, personally appeared S. Michael Bozarth, known to me to be the person whose name is subscribed to the foregoing instrument and he has acknowledged to me that he executed the same for the purposes therein expressed.

Given under my hand and seal of office this 24th day of May, 2002.

Brenda Roberson
Notary Public in and for the State of Texas



BRENDA ROBERSON
Notary Public, State of Texas
My Commission Expires
JANUARY 10, 2004

# ATTACHMENT I

|        |                           |
|--------|---------------------------|
| From:    | Mike Bozarth              |
| To:      | CJ - Habeas Corpus Division |
| Date:    | 11/29/01 8:58AM           |
| Subject: | Due dates backup docket system |

Starting today all answer due dates will also be listed on the big calendar before Laura hands out the new case files to division attorneys. The cases will be calendared on the day before when they are due so that division attorneys can get backup notice in time to express mail something to the court.

All division attorneys are required to read the wall calendar by Noon of each day and "x" off any event that is scheduled for that day and intial it. I will read the calendar each day and contact any attorney with a scheduled due date that has not been "x" off and intialed. All division attorneys will be evaluated on this policy on yearly evaluations. Those who consistently fail to "x" off and initial their due dates on the division wall calendar will not be considered for a raise when raise money is available.

This backup docket system is a "backup," and all attorneys are still ultimately responsible for all of their own due dates. The fact that an event is mistakenly not listed on the wall calendar will not justify an attorney's failure to meet his/her deadlines.



Anything not reaching the courts by the due date for filing will be considered late by me. This will also be part of an attorney evaluation and will affect an attorney's eligibility for a raise.

Missing due dates must stop in this division. I have attempted to help all of you watch your calendars. You will get backup emails, there is a backup wall calendar and you also should be keeping a docket and a backup docket of your own. Excuses that you missed another due date because you weren't paying attention will no longer be accepted. Please pay attention to details.

Finally, don't be an attorney who continues to miss due dates and then conceals that fact from me. Dishonesty will not be tolerated.

I appreciate all the hard work that you do here and I know how hard it is to meet all of the deadlines that are imposed on you. If there is anything else that anyone wants to suggest to alleviate missed deadlines I am available to discuss it.

I know that we are understaffed and underpayed for the case loads that we litigate. Such is the reality of the Habeas Corpus Division. You are protecting the State, the people living in this State and most of all you are the voice of the victims in the convictions that we defend. I applaud you for your committment to these tasks.

Mike.

Sent 11-29-01.

Brenda, place in my admin file.

All attorneys should place this in their division policy file.

Laura, start calendaring ans due dates on the day before it is due to be filed.

## CLERK'S OFFICE

## COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found no petition for discretionary review, in cause No. **13-00-572-CR** in the name of **Carlos Alberto Reyes.**

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 22nd day of May, 2002, A.D.



Troy C. Bennett, Jr., Clerk

By: _____
Deputy Clerk

## CLERK'S OFFICE

## COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found no application for writ of habeas corpus, in the name of **Carlos Ablerto Reyes.**

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 22nd day of May, A.D. 2002.



Troy C. Bennett, Jr., Clerk

By: _____

Deputy Clerk