# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 0 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CARLOS ALBERTO REYES | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-175 |
| | § | |
| JANIE COCKRELL, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION | § | |
|     Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Carlos Alberto Reyes' ("Reyes") Petition for Writ of Habeas Corpus (Docket No. 1), filed pursuant to 28 U.S.C. § 2254. Also before the court is Janie Cockrell's ("Respondent") Motion for Summary Judgment (Docket No. 7). For the following reasons, it is recommended that the Court dismiss Reyes' Petition.

## I. JURISDICTION

The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 2254.

## II. FACTS

On August 30, 2000 Reyes was sentenced to eight years imprisonment in the Texas Department of Criminal Justice-Institutional Division, following his conviction in the 357th District Court of Cameron County, Texas for possession of marijuana. Reyes appealed his conviction to the 13th Court of Appeals on the ground that the evidence against him was legally and factually insufficient. The appellate court affirmed the conviction on August 16, 2002. *Reyes v. Texas*, No. 13-00-572-CR (Tex. App.-Corpus Christi 2001). Reyes did not file a petition for discretionary review in the Texas Court of Criminal Appeals, nor did he petition for state habeas relief pursuant

to Tex. Code Crim. P. 11.07. He filed the present Petition on August 27, 2001, asking this Court to grant him federal habeas corpus relief. Reyes asserts multiple grounds for relief. He argues that he was convicted by the use of evidence obtained in violation of the Fourth Amendment. He also claims that his conviction was obtained in violation of the Fifth Amendment and that his trial counsel was constitutionally ineffective.

## III. ANALYSIS

Reyes petitions this Court for relief pursuant to § 2254. Section 2254(b)(1)(A) provides that a federal court is prohibited from granting habeas corpus relief to state prisoners unless the petitioner has exhausted his state court remedies. There are two exceptions to this rule. A federal court is permitted to grant habeas relief when a petitioner has not exhausted his claims if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. Sections 2254(b)(1)(B)(i)-(ii). Furthermore, the statute says,

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

### SECTION 2254(c)

The Supreme Court has interpreted § 2254(c) to require a federal habeas petitioner to complete a "round" of state court appellate review before filing a federal habeas petition. *Carey v. Saffold*, ___U.S.___, 122 S. Ct. 2134, 2138 (2002). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state

custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker,* 533 U.S. 167, 178-79, 121 S. Ct. 2120, 2127-28 (2001).

In order to exhaust his state law remedies, Reyes must have "fairly present[ed] the substance of his claims to the state courts." *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). In Texas, this is done in one of two ways. Reyes could have presented his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or he could have filed an application for a writ of state habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Myers v. Collins,* 919 F.2d 1074, 1076 (5th Cir. 1990). At this point in time, Reyes is still able to file a petition for state habeas review.

Reyes has not presented his present claims in either of these two ways. He also has not alleged or demonstrated that he has satisfied either of the two statutory exceptions to the exhaustion requirement. As Respondent concedes, the state habeas corpus procedure is still available to Reyes. Reyes has not exhausted his available state remedies as required by §§ 2254(b)(1)(a) and (c).

**IV. CONCLUSION**

IT IS THEREFORE **RECOMMENDED** that Carlos Alberto Reyes' Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

3

DONE at Brownsville, Texas, this 8th day October, 2002.

John Wm. Black
United States Magistrate Judge

4